**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KAREN LUCILLE RICE,<br><br>           Plaintiff,<br><br>    v.<br><br>NANCY A. BERRYHILL,[1]<br>Acting Commissioner of<br>Social Security,<br><br>           Defendant. | No. CV 17-00353 SS<br><br><br><br>**MEMORANDUM DECISION AND ORDER** |

**I.**

**INTRODUCTION**

Plaintiff Karen Lucille Rice ("Plaintiff") seeks review of the final decision of the Commissioner of the Social Security Administration (hereinafter the "Commissioner" or the "Agency")

---

[1] Nancy A. Berryhill is now the Acting Commissioner of Social Security and is substituted for former Acting Commissioner Carolyn W. Colvin in this case. See Fed. R. Civ. P. 25(d).

1

denying her application for Disability Insurance Benefits ("DIB"). The parties consented, pursuant to 28 U.S.C. § 636(c), to the jurisdiction of the undersigned United States Magistrate Judge. For the reasons stated below, the decision of the Commissioner is REVERSED and REMANDED for further proceedings.

## II.

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. "The court may set aside the Commissioner's denial of benefits when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole." Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001) (citing Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999)); accord Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996) (citing Fair v. Bowen, 885 F.2d 597, 601 (9th Cir. 1989). However, the court must "affirm the denial of disability benefits if it is supported by substantial evidence and the Commissioner applied the correct legal standards." Marci v. Chater, 93 F.3d 540, 543 (9th Cir. 1996).

"Substantial evidence is more than a scintilla, but less than a preponderance." Reddick v. Chater, 157 F.3d 715, 720 (9th Cir. 1998) (citing Jamerson v. Chater, 112 F.3d 1064, 1066 (9th Cir.

1997)). It is "relevant evidence which a reasonable person might accept as adequate to support a conclusion." Id. To determine whether substantial evidence supports a finding, the court must "consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [Commissioner's] conclusion." Aukland, 257 F.3d at 1035 (quoting Penny v. Sullivan, 2 F.3d 953, 956 (9th Cir. 1993). If the evidence could reasonably support either affirming or reversing that conclusion, the court may not substitute its judgment for that of the Commissioner. Reddick, 157 F.3d at 720-21 (citing Flaten v. Sec'y of Health & Human Servs., 44 F.3d 1453, 1457 (9th Cir. 1995)).

### III.

### THE FIVE-STEP SEQUENTIAL EVALUATION PROCESS

To qualify for disability benefits, a claimant must demonstrate a medically determinable physical or mental impairment that prevents her from doing a substantial gainful activity, and that is expected to result in death or last for a continuous period of at least twelve months. Reddick, 157 F.3d at 721 (citing 42 U.S.C. § 423 (d) (1) (A)). The impairment must render the claimant incapable of performing any other substantial gainful employment that exists in the national economy. Tackett, 180 F.3d at 1098 (citing 42 U.S.C. § 423 (d) (2) (A)).

To decide if a claimant is entitled to benefits, an ALJ conducts a five-step inquiry. 20 C.F.R. §§ 404.1520, 416.920.

(1) Is the claimant presently engaged in a substantial gainful activity? If yes, the claimant is found not disabled. If no, proceed to step two.

(2) Is the claimant's impairment severe? If no, the claimant is found not disabled. If yes, proceed to step three.

(3) Does the claimant's impairment meet or equal one of the specific impairments described in 20 C.F.R. Part 404, Subpart P, Appendix 1? If yes, the claimant is found disabled. If not, proceed to step four.

(4) Is the claimant capable of performing his past work? If yes, the claimant is found not disabled. If no, proceed to step five.

(5) Is the claimant able to do any other work? If not, the claimant is found disabled. If yes, the claimant is found not disabled.

Tackett, 180 F.3d at 1098-99; see also Bustamante v. Massanari, 262 F.3d 949, 953-54 (9th Cir. 2001) (citations omitted); 20 C.F.R. §§ 404.1520 (a) – (g) (1) & 416.920 (a) – (g) (1).

The claimant has the burden of proof at steps one through four, and the Commissioner has the burden of proof at step five. Bustamante, 262 F.3d at 953-54. "Additionally, the ALJ has an

affirmative duty to assist the claimant in developing the record at every step of the inquiry." Id. at 954. If, at step four, the claimant meets his burden of establishing an inability to perform past work, the Commissioner must show that the claimant can perform some other work that exists in "significant numbers" in the national economy, taking into account the claimant's residual functional capacity ("RFC"), age, education, and work experience. Tackett, 180 F.3d at 1098, 1100; Reddick, 157 F.3d at 721; 20 C.F.R. §§ 404.1520 (g) (1), 416.920 (g) (1). The Commissioner may do so by the testimony of a vocational expert ("VE") or by reference to the Medical-Vocational Guidelines appearing in 20 C.F.R. Part 404, Subpart P, Appendix 2 (commonly known as "the Grids"). Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001). When a claimant has both exertional and non-exertional limitations, the Grids are inapplicable and thus the ALJ must take VE testimony. Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000) (citing Burkhart v. Bowen, 856 F.2d 1335, 1340 (9th Cir. 1988)).

IV.

**DISCUSSION**

**A.   The ALJ Failed To Properly Assess Plaintiff's Fibromyalgia As A Severe Impairment At Step-Two Of The Evaluation**

Plaintiff contends that the ALJ erred at step two by finding her fibromyalgia was a non-severe impairment. (Plaintiff's Memorandum In Support of the Complaint ("Pl. MSO") at 1, 14-17). The Court agrees.[2]

By its own terms, the evaluation at step two is a de minimis test — intended to weed out the most minor of impairments. See Bowen v. Yuckert, 482 U.S. 137, 153-54, 107 S. Ct. 2287, 96 L. Ed. 2d 119 (1987) (O'Connor, J. concurring); Edlund v. Massanari, 253 F.3d 1152, 1158 (9th Cir. 2001) ("We have defined the step-two inquiry as a de minimis screening device to dispose of groundless claims.") (citing Smolen, 80 F.3d at 1290). An impairment is not severe only if the evidence establishes a slight abnormality that has only a minimal effect on an individual's ability to work.

---

[2]  Plaintiff also contends that the ALJ erred in improperly assessing the opinions of treating physicians Drs. Wheeler and Levy. (Pl. MSO at 17-23). Plaintiff further argues that the ALJ erroneously engaged in picking and choosing through the evidence in order to support his desired RFC. (Pl. MSO at 23-25). However, it is unnecessary to reach Plaintiff's arguments on these grounds, as the matter is remanded for the alternative reasons discussed at length in this Order.

Smolen, 80 F.3d at 1290 (internal quotations and citations omitted).

Here, the ALJ applied more than a de minimis test at step two when he concluded that Plaintiff's fibromyalgia was not severe. In reaching this conclusion, the ALJ acknowledged that Dr. Joshua Levy, M.D., diagnosed Plaintiff with fibromyalgia. (AR 24). The ALJ nonetheless found the impairment as non-severe because Dr. Levy's "treatment notes fail to provide longitudinal context in the form of medical signs and findings, which would show or otherwise support the functional limitations resulting from such diagnosis." (AR 24). However, though Dr. Levy's handwriting is difficult to read, the treatment notes clearly indicate that Dr. Levy diagnosed and treated Plaintiff for fibromyalgia from at least December 2014 to June 2015. (See AR 367, 371, 373, 376, 383, 513).

Moreover, Dr. Levy opined that Plaintiff has physical limitations resulting from her fibromyalgia. (See AR 509-13). In particular, Dr. Levy opined Plaintiff is able to sit for 20 minutes at a time for a total of 3 hours in an 8-hour workday; stand/walk for 10 minutes at a time for a total of 2 hours in an 8-hour workday; and lift and carry less than 10 pounds frequently, 10 pounds occasionally, and never over 10 pounds. (AR 509-10). Further, Plaintiff will need to take 3-4 unscheduled breaks during

an 8-hour workday for 15 minutes at a time.  (AR 509).  Finally, Dr. Levy opined that due to her fibromyalgia, Plaintiff is limited in the use of her hands and is not capable for working an 8-hour day, 5 days a week.  (AR 510).

As the Ninth Circuit recently observed in Revels v. Berryhill, ___ F.3d ___, 2017 WL 4819137 (9th Cir. October 26, 2017):  "In evaluating whether a claimant's residual functional capacity renders them disabled because of fibromyalgia, the medical evidence must be construed in light of fibromyalgia's unique symptoms and diagnostic methods . . . the failure to do so is error."  Revels, 2017 WL 4819137 at *10.  Here, the ALJ failed to consider the unique medical evidence of fibromyalgia properly at step-two of the evaluation.

Because a step-two evaluation is to dispose of "groundless claims," and the evidence here establishes that Plaintiff suffered from fibromyalgia resulting in limitations in her ability to work, the ALJ erred in the step-two analysis regarding Plaintiff's fibromyalgia.  See Webb v. Barnhart, 433 F.3d 683, 687 (9th Cir. 2005) ("An impairment or combination of impairments may be found 'non severe only if the evidence establishes a slight abnormality that has no more than a minimal effect on an individual's ability to work.'") (emphasis in original).  Remand is required.

**B. Remand Is Required To Remedy Defects In The ALJ's Decision**

Remand for further proceedings is appropriate where additional proceedings could remedy defects in the Commissioner's decision. See Leon v. Berryhill, ___ F.3d ___, 2017 WL 515294 at * 5, (9th Cir. November 7, 2017); Harman v. Apfel, 211 F.3d 1172, 1179 (9th Cir. 2000); Kail v. Heckler, 722 F.2d 1496, 1497 (9th Cir. 1984). Because the ALJ improperly evaluated the severity of Plaintiff's fibromyalgia under step two of the evaluation, the case must be REMANDED to remedy this and other defects.

For the foregoing reasons, the matter is remanded for further proceedings. On remand, the ALJ must include fibromyalgia as one of Plaintiff's severe impairments and analyze its impact on Plaintiff's ability to work.

\\
\\
\\
\\
\\

9

# V.

# CONCLUSION

Consistent with the foregoing, and pursuant to sentence four of 42 U.S.C. § 405(g),[1] IT IS ORDERED that judgment be entered REVERSING the decision of the Commissioner and REMANDING this matter for further proceedings consistent with this decision. IT IS FURTHER ORDERED that the Clerk of the Court serve copies of this Order and the Judgment on counsel for both parties.

DATED: November 13, 2017

/S/
SUZANNE H. SEGAL
UNITED STATES MAGISTRATE JUDGE

**THIS DECISION IS NOT INTENDED FOR PUBLICATION IN WESTLAW, LEXIS/NEXIS OR ANY OTHER LEGAL DATABASE.**

---

[1] This sentence provides: "The [district] court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."

10